**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50186 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01173-DSF-2 |
| v. | |
| DONNA WELLS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 9, 2012[**]
Pasadena, California

Before: TROTT, KLEINFELD, and McKEOWN, Circuit Judges.

   Appellant Donna Wells appeals her judgment of conviction by jury and

sentence for health care fraud, in violation of 18 U.S.C. § 1347, arising from

fraudulent Medicare claims. Because the parties are well acquainted with the facts

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and circumstances of this case, we repeat them only as necessary to illuminate this disposition.

First, Wells argues that the district court abused its discretion in admitting pursuant to Fed. R. Evid. 404(b) evidence of uncharged "other acts" relating to her active recruitment for a fee of Medicare beneficiaries as potential recipients of medically unnecessary power wheelchairs. Because this evidence was (1) relevant to show her knowledge, motive, intent, and absence of mistake in an unlawful scheme, and (2) did not run afoul of Fed. R. Evid. 403, the court's decision to admit it was proper.

Second, Wells argues that the amount paid by Medicare for the wheelchairs was the appropriate measure of loss for which she was responsible pursuant to U.S. Sentencing Guidelines Manuel § 2B1.1, not the amount billed which the district court used in determining her sentence of fifty-seven months. She is mistaken. "Loss" is defined as "the greater of actual loss or intended loss." Id. cmt. n.3(A). The district court's use of the amount billed rather than the lesser amount paid was an acceptable measure of the conspirators' intended loss, and the amount of intended loss chosen was fully supported by the evidence. Moreover, the court indicated that the amount of actual loss to Medicare "seriously understates what

2

would be an intended loss amount, and the court would consider that under the [18 U.S.C. §] 3553(a) factors."

Finally, the court did not err in sentencing Wells to the high end of the Guidelines range.  In connection with the § 3553(a) factors, the court said, "She has a long history of criminal conduct and clearly has no respect for the law.  Her criminal history is understated. . . . Based on defendant's history and characteristics, it appears likely defendant will defraud the government and the taxpayers every chance she gets."

AFFIRMED.